IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DOUGLAS P. DVORAK,<br><br>Defendant. | No. CR08-0054<br><br>ORDER REGARDING POTENTIAL<br>CONFLICT OF INTEREST |

On the 7th day of January 2009, this matter came on for hearing on the Motion Re Potential Conflict of Interest (docket number 16) filed by Defendant's attorney, David Nadler, on December 5, 2008. Defendant Douglas P. Dvorak and attorney David Nadler appeared personally at the time of hearing. The Government's attorney was excused from attendance at the hearing.

## RELEVANT FACTS

On September 24, 2008, Defendant Douglas P. Dvorak was charged by Indictment (docket number 1) with 22 counts of mail fraud, 11 counts of aggravated identity theft, and 6 counts of money laundering. On September 30, attorney David Nadler was appointed to represent Defendant at public expense. The trial was originally scheduled for December 1, 2008, but was continued at Defendant's request to February 2, 2009.

In reviewing the discovery file, Mr. Nadler learned that one of the potential witnesses is a person whom Mr. Nadler previously represented in a juvenile delinquency matter. While Mr. Nadler could not be precise, he believes that the representation ended approximately one year ago. According to Mr. Nadler, the allegations in the juvenile delinquency proceeding were unrelated to the charges brought against Defendant in the Indictment. (It is anticipated that the witness would testify regarding chiropractic treatment

1

which he received from Defendant.) At the time of hearing, Mr. Nadler advised the Court that he could thoroughly cross-examine the witness without violating any confidential relationship which existed between himself and the witness arising out of his prior representation. Mr. Nadler does not believe that the law or the rules require him to withdraw in this case, but he thought that the matter should nonetheless be brought to the Court's attention.

## DISCUSSION

Obviously, Defendant is entitled to be represented by an attorney who does not have a conflict of interest. *Strickland v. Washington*, 466 U.S. 668, 688 (1984) ("Counsel's function is to assist the defendant, and hence counsel owes the client a duty of loyalty, a duty to avoid conflicts of interest."). "Counsel breaches the duty of loyalty to a client when burdened with an actual conflict of interest." *United States v. Flynn*, 87 F.3d 996, 1001 (8th Cir. 1996). "The conflict of interest, however, must be actual, not merely theoretical." *Simmons v. Lockhart*, 915 F.2d 372, 378 (8th Cir. 1990).

In this case, Mr. Nadler represented one of the Government's 30 potential witnesses in a juvenile delinquency proceeding approximately one year ago. The circumstances surrounding that proceeding are unrelated to the substance of the witness' testimony in this case. The mere fact that a defendant's lawyer previously represented a prosecution witness does not require the attorney's withdrawal. *Flynn*, 87 F.3d at 1001; *Simmons*, 915 F.2d at 378. To create a conflict, there must be a showing that the "successive representation" would have some "actual and demonstrable adverse effect on the case." *Flynn*, 87 F.3d at 1001.

The Court concludes that Mr. Nadler's prior representation of a potential government witness in an unrelated juvenile delinquency proceeding does not constitute a conflict of interest. According to Mr. Nadler, the prior representation will not adversely affect his representation of Defendant in this case. *Flynn*, 87 F.3d at 1001 ("In determining whether a conflict of interest exists, substantial weight is given to defense

2

counsel's representation."). Mr. Nadler advised the Court that his cross-examination of the witness would not be impeded by any fear of misusing confidential information. *Id.* *See also United States v. Agosto*, 675 F.2d 965, 971 (8th Cir. 1982). Accordingly, the Court concludes that there is no conflict of interest and Mr. Nadler is not required to withdraw as counsel in this case.

## ORDER

IT IS THEREFORE ORDERED that Mr. Nadler shall continue as court-appointed counsel in this case.

DATED this 8th day of January, 2009.

JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA